IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-1387-JLK**
**HILDA SOLIS,** Secretary of Labor, United States Department of Labor
Plaintiff,

v.

**LIFE QUALITY OPTIONS OF COLORADO, INC.** d/b/a
**LIFE QUALITY HOMES OF DENVER**,
**JOHN D. LONGSTAFF**, in his individual capacity, and
**LINDA K. PHEOBUS**, in her individual capacity
Defendants.

_____

ORDER
_____

Kane, J.

This action was commenced by plaintiff Hilda L. Solis, Secretary of the United States Department of Labor ("DOL"), pursuant to Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendant Life Quality Options of Colorado, Inc. ("Life Quality"), a Colorado corporation engaged in operating residential assisted care facilities and providing assisted living services for individuals, is in the midst of a Chapter 7 bankruptcy proceeding. Life Quality contends that the automatic stay arising under Section 362 of the Bankruptcy Code serves to stay the instant action. For the reasons stated below, the Court finds that the government may proceed with its FLSA claim against defendant Life Quality under the police and regulatory powers exemption to the automatic stay, pursuant to 11 U.S.C. § 362(b)(4).[1]

---

[1] The automatic stay issue does not relate to the individual defendants, John D. Longstaff and Linda K. Phoebus, because the individual defendants have not filed for bankruptcy

1

**I. Background**

In a complaint filed against Life Quality and two of its employers, John D. Longstaff and Linda K. Phoebus, on May 29, 2012, the DOL alleges Defendants have violated and are violating provisions §§ 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) by failing to pay certain of their employees, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage since at least May 22, 2008.  The DOL further alleges Defendants have violated and are violating the provisions of §§ 7 and 15(a)(2) of the FLSA by employing certain of its employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least May 22, 2008, without compensating these employees overtime wages for their employment in excess of forty (40) hours in certain workweeks.  Finally, the DOL alleges Defendants have violated the provisions of §§ 11(c) and 15(a)(c) of the FLSA by failing to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 CFR 516.

Plaintiff seeks injunctive relief barring Defendants and their agents from further FLSA violations and from withholding payment of unpaid overtime compensation found due to Defendants' employees.  Plaintiff also requests Orders awarding pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621, backpay to the wronged employees and the costs of this action.

After the DOL filed the instant suit, Life Solis filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code in the District of Colorado.  In its filing captioned "SUGGESTION OF BANKRUPTCY," Life Quality asserts this court's proceedings are stayed pursuant to Section 362 of the Bankruptcy Code.

## II. Legal Standard

Subsection 362(b)(4) exempts from the operation of the automatic stay: the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power. Subsection 362(b)(4)'s exemption applies to the automatic stay arising under subsections 362(a)(1), (2), (3), and (6), the type of stay asserted to be present in the instant matter.

Recognizing "[n]ot every agency action against a debtor can be characterized as one that enforces 'police or regulatory power,' " the Tenth Circuit adopted the "pecuniary purpose" and "public policy" tests for considering the applicability of § 362(b)(4). *Eddleman v. United States Dep't of Labor,* 923 F.2d 782, 791 (10th Cir.1991). The "pecuniary purpose" test queries whether the government's action is chiefly concerned with protecting a pecuniary interest in the debtor's property. *Id.* If so, the proceeding is not exempt. The "public policy" test distinguishes between "proceedings aimed at effectuating public policy and those aimed at adjudicating private rights"; the former are exempt from the stay, but the latter are not. *Id.*

## III. Discussion

### A. *Pecuniary Purpose Test*

First, the instant case is exempt from the stay under the pecuniary purpose test. This is necessarily so, because the government has no pecuniary interest in Defendants' property. *See Eddleman,* 923 F.2d at 791 ("DOL's pursuit of debarment and liquidation of back-pay claims" was not "designed to advance the government's pecuniary interest," but rather was intended "primarily to prevent unfair competition in the market by companies who pay substandard

wages."); *Martin v. Safety Elec. Const. Co.,* 151 B.R. 637, 639 (D.Conn.1993) (DOL action seeking injunction and monetary damages for violations of minimum-wage provisions of the FLSA was "not designed to advance the government's pecuniary interest"). The government here seeks an injunction to prevent further violations of the FLSA and liquidated damages equal to the amount of the employees' unpaid overtime compensation. If the government succeeds, the DOL will not obtain title to any goods, nor be able to enforce a monetary judgment against defendants. *See* \*254 *Chao v. Mike & Charlie's Inc.,* No. Civ.A. H–05–1780, 2006 WL 18467, at \*3, 2006 U.S. Dist. LEXIS 2178, at \*8 (S.D.Tex. Jan. 4, 2006) ("The Secretary would not obtain title to any goods nor be able to enforce a money judgment. These remedies are not designed to advance the government's pecuniary interest."); *Martin,* 151 B.R. at 639 ("individuals claiming unpaid wages will not receive any extra priority by virtue of this action" because "collection of the back pay and liquidated damages claims must proceed according to normal bankruptcy procedures").

### B.  *Public Policy Test*

The DOL's action satisfies the public policy test as well.  In litigating this matter, the DOL is exercising its regulatory powers under the FLSA, attempting to ensure that covered employees receive minimum wage and overtime compensation and that employers maintain proper wage and hour records. The injunction sought by DOL would serve to prevent further violations, protect labor conditions, and prevent "unfair labor competition in the market from companies who pay substandard wages." *Chao v. BDK Indus., LLC,* 296 B.R. 165, 168 (C.D.Ill.2003). Moreover, should the DOL succeed in obtaining a money judgment against the defendant, such a judgment could deter unlawful behavior by others.  *See United States ex rel. Fullington v. Parkway Hosp., Inc.,* 351 B.R. 280, 282–83 (E.D.N.Y.2006)("the imposition of financial liability on a party deters unlawful behavior and thus serves the police and regulatory efforts of the

government"). Thus, I hold that actions undertaken by the DOL to enforce wage and hour protections represent nothing less than the very essence of the type of conduct § 362(b)(4) exempts.  *See Eddleman,* 923 F.2d at 791 (public policy test presents "no barrier" where DOL seeks back-pay and injunctive relief).

### IV. Conclusion

For the foregoing reasons, Life Quality's assertion that the automatic stay arising under Section 362 of the Bankruptcy Code applies to this action is incorrect as a matter of law.   This action is exempt from the automatic stay under the police and regulatory power exception set forth in Section 362(b)(4) of the Bankruptcy Code.  Life Quality, having neglected its deadline to Answer under its erroneous belief regarding the applicability of §362's automatic stay provision, is allowed one additional week from the date of this Order's publication to submit its Answer. Should Defendant fail to make a timely submission, Defendant faces entry of default without further notice.

Dated: October 19, 2012

BY THE COURT:
*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court